1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAYMOND ALFORD BRADFORD,                    No. 2:20-cv-0714-EFB P

12                  Plaintiff,

13          v.                                    ORDER

14    S. GEE, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.  In addition to filing a complaint, he has filed an application for leave to proceed

19    in forma pauperis pursuant to 28 U.S.C. § 1915.

20                          Application to Proceed In Forma Pauperis

21          Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

22    However, court records reflect that on at least three prior occasions, plaintiff has brought actions

23    while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon

24    which relief may be granted, meaning that he is a three-strikes litigant for purposes of 28 U.S.C.

25    § 1915(g).  *See* (1) *Bradford v. White*, No. 2:98-cv-0180-FCD-JFM (E.D. Cal) (dismissed June 3,

26    1999 as barred by the statute of limitations)[1]; (2) *Bradford v. Terhune*, No. 1:04-cv-5496-AWI-

27    _____

28          [1] Allegations that are barred by the statute of limitations are subject to dismissal for failure
      to state a claim. *See Jones v. Bock*, 549 U.S. 199 (2007).  Accordingly, this dismissal qualifies as

                                              1

1    DLB (E.D. Cal.) (dismissed October 21, 2004 for failure to prosecute after plaintiff failed to file

2    an amended complaint after dismissal for failure to state a claim)[2]; (3) *Bradford v. Grannis*, No.

3    2:05-cv-0862-FCD-DAD (E.D. Cal.) (dismissed September 30, 2005 as factually and legally

4    frivolous and for failure to state a claim); and (4) *Bradford v. Terhune*, No. 1:04-cv-5261-LJO-

5    SMS (E.D. Cal.) (dismissed May 9, 2008 for failure to state a claim).

6           An exception to the three-strikes rule exists "if the complaint makes a plausible allegation

7    that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."

8    *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  Here, plaintiff's complaint satisfies

9    the imminent danger exception.  *See* ECF No. 1 (alleging he has suffered from a collapsed lung,

10   pneumonia, and Valley Fever for two years without treatment).  Accordingly, plaintiff's

11   application for leave to proceed in forma pauperis is granted.  By separate order, the court directs

12   the agency having custody of plaintiff to collect and forward the appropriate monthly payments

13   for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

14                                         Screening Standards

15          Federal courts must engage in a preliminary screening of cases in which prisoners seek

16   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

17   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

18   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

19   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

20   relief."  *Id.* § 1915A(b).

21          A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

22   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

23   _____

     a strike under 28 U.S.C. § 1915(g).

24

25          [2] The dismissal of this case, although styled as one for failure to prosecute, also qualifies
     as a strike.  *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also, e.g., Lamon v.

26   Junious*, No. 1:09-cv-00484-AWI-SAB, 2014 U.S. Dist. LEXIS 9778, at *9-10 (E.D. Cal. Jan.
     27, 2014) (dismissal of appeal for failure to prosecute counted as "strike" where underlying

27   ground for dismissal was that appeal was frivolous); *Thomas v. Beutler*, No. 2:10-cv-01300 MCE
     CKD P, 2012 U.S. Dist. LEXIS 159943, at *5-6 (E.D. Cal. Nov. 6, 2012) (same, and citing

28   similar cases).

1   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

2   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

3   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

4   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

5   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

6   U.S. 662, 679 (2009).

7           To avoid dismissal for failure to state a claim a complaint must contain more than "naked

8   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

9   action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of

10  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

11  678.

12          Furthermore, a claim upon which the court can grant relief must have facial plausibility.

13  *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual

14  content that allows the court to draw the reasonable inference that the defendant is liable for the

15  misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a

16  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

17  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

18  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

19                                      Screening Order

20          Plaintiff's complaint can be broken down into three sets of allegations (1) defendants Gee,

21  Voong, and Frijas denied or delayed plaintiff's administrative appeals concerning his medical and

22  Americans with Disabilities Act needs; (2) defendant Frijas destroyed plaintiff's personal and

23  legal property, thereby denying plaintiff access to the courts; and (3) defendant transportation

24  officers Arrogero and Lial prevented plaintiff from getting a colonoscopy, a chest x-ray, and

25  treatment for Valley Fever and pneumonia.

26          Plaintiff's complaint cannot survive screening for three reasons. First, claims that

27  plaintiff's administrative appeals were mishandled are not cognizable. There are no constitutional

28  requirements regarding how a grievance system is operated, even if plaintiff believes it to be

3

1  unfair.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Buckley v. Barlow*, 997 F.2d

2  494, 495 (8th Cir. 1993).  Second, venue is not proper as to the property/access to the courts

3  claim against defendant Frijas, who is allegedly employed at the R.J. Donovan Correctional

4  Facility, in San Diego County.  San Diego County lies within the venue of the Southern District

5  of California, and not in this court.  *See* 28 U.S.C. § 1391(b)[3]; 28 U.S.C. § 84(d).  Third, plaintiff

6  alleges no factual context to the claims against transportation officers Arrogero and Lial.  Plaintiff

7  claims in conclusory fashion that they somehow delayed or interfered with needed medical care,

8  but offers no hint as to why, where, when, or how.  Plaintiff's complaint will be dismissed with

9  leave to amend to cure these deficiencies.

10                                                    Leave to Amend

11         Plaintiff is cautioned that any amended complaint must identify as a defendant only

12  persons who personally participated in a substantial way in depriving him of his constitutional

13  rights.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the

14  deprivation of a constitutional right if he does an act, participates in another's act or omits to

15  perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also

16  include any allegations based on state law that are so closely related to his federal allegations that

17  "they form the same case or controversy."  *See* 28 U.S.C. § 1367(a).

18         The amended complaint must also contain a caption including the names of all defendants.

19  Fed. R. Civ. P. 10(a).

20         Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See*

21  *George*, 507 F.3d at  607.  Nor, as mentioned above, may he bring unrelated claims against

22  multiple defendants.  *Id.*

23  /////

24  ————————————————

25         [3] The federal venue statute provides that a civil action "may be brought in (1) a judicial
district in which any defendant resides, if all defendants are residents of the State in which the

26  district is located, (2) a judicial district in which a substantial part of the events or omissions
giving rise to the claim occurred, or a substantial part of property that is the subject of the action

27  is situated, or (3) if there is no district in which an action may otherwise be brought as provided in
this action, any judicial district in which any defendant is subject to the court's personal

28  jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

                                                          4

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1.  Plaintiff's application to proceed in forma pauperis (ECF No. 7) is granted;

2.  Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date of service of this order; and

4.  Failure to comply with any part of this this order may result in dismissal of this action.

DATED: September 18, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE