UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>    Plaintiff,<br><br>v.<br><br>S. GEE, *et al.*,<br><br>    Defendants. | Case No. 2:20-cv-00714-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>ECF No. 15<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) FILE A SECOND AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER<br><br>ECF No. 16<br><br>SIXTY-DAY DEADLINE |

   Plaintiff Raymond Alford Bradford is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. His initial complaint was dismissed with leave to amend. ECF No. 10. Plaintiff filed a motion for reconsideration contesting that dismissal, ECF No. 15, and a first amended complaint, ECF No. 16. For the reasons stated below, I will deny the motion for reconsideration as moot and dismiss the first amended complaint with leave to amend.

1

## Motion for Reconsideration

An amended complaint supersedes any previously complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Even if plaintiff's motion for reconsideration were granted, his initial complaint would be nullified by the amended complaint, ECF No. 16, that he has chosen to file. I will deny plaintiff's motion for reconsideration as moot.

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Analysis

Plaintiff's complaint is difficult to understand. He alleges that defendants Arrogero, Leal, Gee, Voong, and Governor Gavin Newsom are conspiring to murder him. ECF No. 16 at 2. He does not elaborate and goes on to complain about the medical care that he received at RJ Donovan Correctional Facility in San Diego in 2018. *Id.* at 2-3. He does not allege how, if at all, any of the named defendants were responsible for that inadequate care.

Next, plaintiff alleges that in March of 2020 he was scheduled for an outside medical appointment for an unidentified procedure. *Id.* at 3. He claims that he told defendants Arrogero and Leal—members of the prison transportation team—that he had valley fever. *Id.* Plaintiff does not allege what either defendant did, but states that his pleas were "to no avail." *Id.* The outside appointment was allegedly rescheduled because the provider had concerns about plaintiff's potential exposure to Covid-19. *Id.*

Finally, plaintiff alleges that, from February 2020 onwards, he has been denied certain accommodations to which he is entitled to under the Americans with Disabilities Act ("ADA"). *Id.* at 4. Plaintiff does not allege that any of the named defendants were responsible for withholding the accommodations. He states only that defendant Gee is "withholding" his emergency appeals concerning his ADA issues. *Id.* Inmates have no "separate constitutional entitlement to a specific prison grievance procedure," however. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

The foregoing claims are not sufficiently related to proceed in a single action. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but . . . [u]nrelated claims against different defendants belong in different suits . . . ."). Additionally, plaintiff's claims are too vague to provide each defendant notice of the claims against them. *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) ("Even were there no other deficiencies, this confusion of which claims apply to which defendants would require that the complaint be dismissed with leave to file an amended complaint.").

Plaintiff may choose to file an amended complaint that addresses these deficiencies, or he may stand on his complaint. If he chooses to stand on his complaint, I will recommend that it be

dismissed.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims. Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's motion for reconsideration, ECF No. 15, is denied as moot.

2. Within sixty days from the service of this order, plaintiff must either file a Second Amended Complaint or advise the court he wishes stand by his current complaint.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

4

IT IS SO ORDERED.

Dated:   January 11, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE