UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>S. GEE, *et al.*,<br><br>Defendants. | Case No. 2:20-cv-00714-JDP (PC)<br><br>ORDER THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS CASE<br><br>FINDINGS AND RECOMMENDATIONS THAT:<br><br>PLAINTIFF'S SECOND AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF No. 23<br><br>PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER BE DENIED<br><br>ECF No. 25 |

After previously filing two deficient complaints, plaintiff has filed a second amended complaint. ECF No. 23. I find that this new complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Additionally, plaintiff has ignored my warning that unrelated claims against multiple defendants cannot proceed in a single action. *See* ECF No. 17 at 4. Having already given plaintiff two opportunities to amend, I will recommend that his second amended complaint be dismissed without leave to amend. In light of this recommendation, I also find that

plaintiff's motion for preliminary injunctive relief, ECF No. 25, should be denied.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court can dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's second amended complaint is difficult to decipher. After listing at least fifteen defendants, ECF No. 23 at 2-4, plaintiff alleges various and unrelated violations of his state and federal rights. First, he argues that, in a different federal suit, defendants barred his access to

court by falsely stating that he had not administratively exhausted his claims. *Id.* at 5. Second, he claims that defendants housed him in unsafe conditions.[1] *Id.* at 7. Third, he alleges that they denied him adequate medical care by withholding pain medication and failing to treat various ailments, including a broken wrist, rectal pain, leg swelling, and stomach cramps. *Id.* There are more unrelated claims, but I find it unnecessary to list them all here. Plaintiff's claims are not sufficiently related to proceed in one suit. Moreover, each claim is pleaded so vaguely that it fails to provide defendants adequate notice of how they are alleged to have violated plaintiff's rights. For instance, with respect to one of his medical claims, plaintiff broadly references "the prison medical [and] mental health [and] custody appeals staff" and claims that all were responsible for placing him at a heightened risk of contracting valley fever. *Id.* at 7. I have already given plaintiff two opportunities to amend his complaint, and the most recent complaint has not improved on its predecessors.

Accordingly, it is ORDERED that the Clerk of Court assign a district judge to this case.

Further, it is RECOMMENDED that:

1. Plaintiff's second amended complaint, ECF No. 23, be dismissed without leave to amend.

2. Plaintiff's motion for preliminary injunction, ECF No. 25, be denied.

These recommendations will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of these findings and recommendations, plaintiff may file written objections with the court. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

---

[1] I will refer to defendants collectively, since it is difficult to discern how each of them is alleged to have violated plaintiff's rights with respect to each claim.

IT IS SO ORDERED.

Dated: __August 25, 2021__   _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE